UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHNSON, *et al.*,<br><br>            Defendants. | Case No.  2:22-cv-00537-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 20 |

    Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has filed a motion that request that he be appointed counsel. ECF No. 20.

    Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that be appointed counsel because he is housed in a mental health program and does not have the knowledge to represent himself. ECF No. 20. Plaintiff does not detail whether his impairment may limit his ability to articulate his claims. Additionally, plaintiff has thus far been able to successfully submit documents to the court, including a complaint, which detailed the factual and legal basis of his claims. Having considered these factors, the court does find not that there are exceptional circumstances warranting appointment of counsel.

Accordingly, it is hereby ORDERED that plaintiff's motion, ECF No. 20, is denied without prejudice.

IT IS SO ORDERED.

Dated: November 1, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2