UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ, | Case No. 2:22-cv-00537-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR AN EXTENSION OF TIME AND TO APPOINT COUNSEL |
| v. | |
| JOHNSON, *et al.*, | ECF Nos. 31 & 32 |
| Defendants. | |

Plaintiff has filed a motion for an extension of time and asks that he be appointed counsel. ECF No. 31. Plaintiff, however, does not identify the specific deadline he seeks to extend.[1] His motion is denied without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

---

[1] Plaintiff is reminded that pursuant to the January 31, 2023 discovery and scheduling order, all discovery must have been completed by June 30, 2023, and dispositive motions shall be filed by November 3, 2023. ECF No. 30. If plaintiff requires additional time to comply with these deadlines, he may file a motion to modify the January 31, 2023 discovery and scheduling order. Any such motion shall identify the deadline plaintiff seeks to extend and explain why additional time is necessary.

counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that counsel be appointed because he has learning disabilities, he cannot afford counsel, and counsel will help him understand these proceedings.  ECF No. 32 at 1.  I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 32, is denied without prejudice.

Accordingly, it is hereby ordered that:

1. Plaintiff's motion for an extension of time and, ECF No. 31, is denied without prejudice.

2. Plaintiff's motion to appoint counsel, ECF No. 32, is denied without prejudice.

IT IS SO ORDERED.

Dated:   April 23, 2023                                         _____
                                                                JEREMY D. PETERSON
                                                                UNITED STATES MAGISTRATE JUDGE

2